UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| LAWRENCE LOCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-08-S-907-NW |
| ) | |
| THE CITY OF ST. FLORIAN, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Lawrence Locker, filed this action on May 23, 2008, asserting a claim for "First Amendment Retaliation," pursuant to 42 U.S.C. § 1983, against the City of St. Florian, Alabama ("St. Florian" or "the City"), and Ralph Richey ("Richey"), St. Florian's Chief of Police.[1]  The case currently is before the court on defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.  Upon consideration of defendants' motion, and the parties' briefs, the court concludes that the motion is due to be granted in part and denied in part.

**I.  STANDARD OF REVIEW**

The Federal Rules of Civil Procedure require only that a complaint contain a "'short and plain statement of the claim' that will give the defendant fair notice of

---

[1] Doc. no. 1 (Complaint).  Plaintiff sued Richey in both his official and individual capacities.

what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly,* — U.S. — , 127 S. Ct. 1955, 1969 (2007) (citations omitted). These factual allegations need not be detailed, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S. Ct. at 1964-65 (citing *Papasan v. Allain,* 478 U.S. 256, 286 (1986), and *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)) (bracketed alteration in *Twombly*). Thus, although notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality*

*Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Viewed in this manner, the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level . . . ." *Twombly,* 127 S. Ct. at 1965 (citations omitted). Stated differently, the plaintiff must plead facts sufficient to "nudge[] [his]claims across the line from conceivable to plausible . . . ." *Id.* at 1974.

## II. ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff, a resident of St. Florian, attended a Town Hall meeting on June 12, 2006. Defendant Ralph Richey was present at the meeting, in uniform, and acting in his capacity as the Chief of the City's Police Department.[2] During the meeting, while the floor was open for residents to voice concerns, plaintiff read a statement to the City Council that residents were upset about the resignation of police officer Chris Joly.[3] Particularly, plaintiff stated that residents were embarrassed that the Mayor and City Council "had allowed the issues causing Officer Chris Joly to resign to continue and stated that the Mayor and Council had been negligent in their duties."[4] Plaintiff intended to direct his speech "at what he perceived to be governmental wrongdoing

---

[2] Complaint, at ¶¶ 6-7.
[3] *Id.* at ¶ 8.
[4] *Id.* at ¶ 9.

and institutional misconduct undermining the public interest."[5] Plaintiff also told the Council that residents believed that Officer Joly had been harassed and discriminated against by the Mayor and the Chief of Police.[6]

After the meeting, in the hallway of the Town Hall building, plaintiff encountered Richey and pointed his finger at Richey's badge. Plaintiff informed Richey that he had designed the badge Richey wore, and that Richey worked for the people of St. Florian. Plaintiff "never became disruptive or disrespectful" during this encounter with Richey.[7] Richey responded by asking plaintiff, "Do you believe I can put you out of the door?"[8] Richey then "put his hands on" plaintiff, placed plaintiff in a "choke hold," dragged plaintiff down the hallway of the Town Hall building, and pushed plaintiff out the door and onto the ground.[9] Another St. Florian resident intervened to pull Richey off plaintiff.[10]

The following day, June 13, 2006, Chief Richey caused plaintiff to be arrested on a charge of "menacing."[11] On August 24, 2006, the charge was dismissed, but on September 25, 2006, plaintiff was re-arrested on a charge of "harassment," and placed

---

[5] *Id.*
[6] *Id.* at ¶ 10.
[7] *Id.* at ¶ 11.
[8] *Id.* at ¶ 12.
[9] *Id.* at ¶ 13.
[10] *Id.* at ¶ 14.
[11] *Id.* at ¶ 15.

in the Lauderdale County Jail. Both arrests were based on the events that occurred on June 12, 2006. The harassment charge against plaintiff later was dismissed on grounds of *res judicata.*[12]

Plaintiff asserts one claim in this lawsuit: retaliation under the First Amendment to the United Sates Constitution. He alleges that he "spoke out about matters of public concern and that his First Amendment interests outweigh any interest the Defendants may have had in suppressing such speech."[13] He also contends that defendants "retaliated against him for the exercise of free speech guaranteed to him by the First Amendment to the United States Constitution and 42 U.S.C. Section 1983."[14] Finally, he alleges that defendants acted with malice and/or reckless indifference toward his federally protected rights.[15]

### III. DISCUSSION

**A.** ***Res Judicata***

Defendants first argue that plaintiff's First Amendment retaliation claim is barred by the doctrine of *res judicata,* or claim preclusion, because that claim should have been adjudicated in a lawsuit filed by plaintiff in, and subsequently dismissed

---

[12]*Id.* at ¶ 16.
[13]*Id.* at ¶ 20.
[14]*Id.* at ¶ 21.
[15]*Id.* at ¶ 22.

by, an Alabama state court.

Plaintiff filed a complaint on March 15, 2007, in the Circuit Court of Lauderdale County, Alabama, against the City of St. Florian and Ralph Richey, in his official capacity as the Chief of Police for St. Florian.[16] That complaint contained the following factual allegations:

> 6. On June 12, 2006, the Plaintiff LAWRENCE LOCKER attended a Town Hall Meeting in the City of St. Florian.
>
> 7. Plaintiff, LAWRENCE LOCKER, and several other residents of the City of St. Florian were unhappy with the way the City Government was being handled and the Plaintiff, LAWRENCE LOCKER, stood during the meeting and read aloud a letter voicing those concerns.
>
> 8. Several of the concerns involved the Defendant, RALPH RICHEY.
>
> 9. The Defendant, RALPH RICHEY, was present at the meeting, in uniform and acting within the line and scope of his employment therein.
>
> 10. While the Plaintiff, LAWRENCE LOCKER, read the letter several individuals which include, but are not limited to the Defendant RALPH RICHEY, made noises and heckling remarks.
>
> 11. After the meeting was over, the Plaintiff, LAWRENCE LOCKER, who individually helped design the City of St. Florian Badge, approached the Defendant, Chief of Police, RALPH RICHEY, and while pointing at the Badge he was wearing, informed him that he designed the Badge he was wearing and that he worked for the people of St.

---

[16]*See* doc. no. 5 (defendants' motion to dismiss), at Exhibit 1 (March 15, 2007 Complaint in Case No. CV-07-113 in the Circuit Court of Lauderdale County, Alabama).

Florian and their interests.

12. The Defendant, RALPH RICHEY, upset over the contents of the Plaintiff's speech during the meeting and clearly angered by the comment that Plaintiff designed the Badge he was wearing, verbally threatened the Plaintiff saying, "do you believe I can put you out the door?"

13. The Plaintiff responded to the Defendant that he was unaware of any law that prevented him from pointing at a person.

14. Thereafter, with physical force, the Defendant, RALPH RICHEY, grabbed the Plaintiff placing him in a "bear hug/choke hold" and pushed him out of the Town Hall Building, onto the ground where he laid on top of the Plaintiff until physically removed by another individual attending the Town Hall Meeting.

15. Following the Meeting, the Plaintiff was arrested, charged with Menacing, and forced to bond out of jail.

16. The charges for Menacing were dismissed and the Plaintiff, LAWRENCE LOCKER, was re-charged with the crime of Harassment.

17. The charge of Harassment was dismissed pursuant to Res Judicata [sic].[17]

Plaintiff asserted the following causes of action: (1) negligent hiring, based upon the City's alleged negligence in hiring Richey despite knowledge of his "history of angry outburst[s] and inappropriate behavior on the job"; (2) negligent supervision, based upon the City's alleged failure to properly supervise Richey; (3) assault and battery, based upon Richey's alleged use of physical force to remove plaintiff from

---

[17] *Id.* at ¶¶ 6-17.

the Town Hall Building; and (4) outrage/intentional infliction of emotional distress, based upon the emotional and physical damage plaintiff allegedly suffered as a result of being assaulted by Richey.[18]  Plaintiff filed an amended complaint with the Circuit Court of Lauderdale County, Alabama, on April 4, 2007, in which he re-asserted the factual allegations and legal claims stated in the original complaint, and added an additional claim for false arrest and false imprisonment, based upon plaintiff's two arrests.[19]

The Lauderdale County Circuit Court dismissed plaintiff's original and amended complaints, and the Alabama Court of Civil Appeals affirmed. *See Locker v. City of St. Florian,* — So. 2d —, 2008 WL 273809 (Ala. Civ. App. 2008).[20]  No party submitted a copy of the Lauderdale County Circuit Court's order of dismissal. Thus, while defendants state that the dismissal was "with prejudice," this court cannot discern whether the trial court's order so stated.  It is clear, however, that the dismissal was based upon plaintiff's failure to timely comply with Alabama Code § 11-47-23, which provides, in pertinent part, that "[c]laims [against a municipality] for damages growing out of torts shall be presented within six months from the accrual

---

[18]*Id.* at ¶¶ 22-34.

[19]*See* doc. no. 5, at Exhibit 1 (April 4, 2007 Amended Complaint in Case No. CV-07-113 in the Circuit Court of Lauderdale County, Alabama)

[20]*See also* doc. no. 5, at Exhibit 2 (copy of the decision of the Alabama Court of Civil Appeals).

thereof or shall be barred." A claimant satisfies the "presentation" requirement by filing a sworn statement with the city clerk describing "substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed." Ala. Code § 11-47-192 (1975). Because plaintiff had not filed a notice of any his claims within six months of the date on which they accrued, all of his claims in state court were barred. *Locker,* 2008 WL 273802, at *2-*4. Defendants now assert that the decisions of the Circuit Court of Lauderdale County, Alabama, and the Alabama Court of Civil Appeals preclude the First Amendment retaliation claim asserted in this case.

When a federal court is "'asked to give *res judicata* effect to a state court judgment, [it] must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation.'" *Kizzire v. Baptist Health System, Inc.,* 441 F.3d 1306, 1308 (11th Cir. 2006) (quoting *Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486, 1509 (11th Cir. 1985)).

> Under Alabama law, "the essential elements of *res judicata* are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Equity Res. Mgmt., Inc. v. Vinson,* 723 So. 2d 634, 636 (Ala. 1998). If all four elements are met, any claim that was, or could have been, adjudicated in the prior action is barred from future litigation. *Id.*

*Kizzire,* 441 F.3d at 1308-09. *See also Chapman Nursing Home, Inc. v. McDonald,*

985 So. 2d 914, 919 (Ala. 2007) (same).

Defendants cannot satisfy the first element, *i.e.,* that the decision of the Alabama Court of Civil Appeals was a judgment "on the merits" of plaintiff's claim. The analysis on that point does not turn, as defendants suggest, on whether the prior dismissal was with or without prejudice under Federal Rule of Civil Procedure 41. In fact, the United States Supreme Court rejected a similar argument in *Semtek International, Inc. v. Lockheed Martin Corp.,* 531 U.S. 497 (2001). There, Semtek originally filed suit against Lockheed in a California state court for inducement of breach of contract and "various business torts." *Id.* at 499. Lockheed removed the case to federal court and "successfully moved to dismiss petitioner's claims as barred by California's 2-year statute of limitations." *Id.* The dismissal was designated "with prejudice." *Id.* In the meantime, Semtek had also brought suit against Lockheed in Maryland state court, alleging the same causes of action, which were not barred by the applicable state statutes of limitations. *Id.* The Maryland court nonetheless dismissed Semtek's claims as barred by *res judicata*. *Id.* at 500. On appeal, the Supreme Court considered whether the dismissal of Semtek's claims by the California federal court was a decision "on the merits." Lockheed argued that it was, based upon Federal Rule of Civil Procedure 41(b), which, at that time, read as follows:

**Involuntary Dismissal: Effect Thereof**. For failure of the

>plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. *Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.*

*Semtek,* 531 U.S. at 501 (italicized emphasis supplied) (quoting Fed. R. Civ. P. 41(b)).[21] The Supreme Court explicitly rejected Lockheed's argument that all judgments that are designated "on the merits" (or those receiving that designation by default under Rule 41(b)) are entitled to claim preclusive effect. *Id.* at 501-03. The Court concluded that a dismissal "on the merits," as described in Rule 41(b), would more reasonably be interpreted as the effective opposite of a dismissal "without prejudice." *Id.* at 505. Thus interpreted, a dismissal "on the merits" would preclude the refiling of the same claim *in the same court,* but would not necessarily preclude the subsequent filing of the dismissed claim in another court. *Id.* at 505-06.

---

[21]Rule 41 has since been amended. Its relevant provisions now read:

>**Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) (emphasis in original).

Based on the decision of the Supreme Court in *Semtek,* it is apparent that a dismissal cannot be deemed "on the merits" for *res judicata* purposes simply because it was designated "with prejudice" under Rule 41. Furthermore, there is no reason to limit the *Semtek* holding to cases involving the *Federal* Rules of Civil Procedure and the preclusive effect of prior *federal* judgments, because Alabama Rule of Civil Procedure 41(b) contains language almost identical to that of the corresponding federal rule.[22]

Consequently, this court must look beyond the general statements of Alabama courts regarding the preclusive effect of a dismissal "with prejudice," to the more specific context of a dismissal based upon the statute of limitations. Although the Alabama courts have not said much about that specific subject, what they have said is clear. First, in *Textron, Inc. v. Whitfield,* 380 So. 2d 259 (Ala. 1979), Whitfield's claims against Textron for personal injuries in Alabama state court were dismissed due the expiration of the applicable statute of limitations. *Id.* at 259-60. The dismissal order did not initially specify whether it was with or without prejudice, but

---

[22]Alabama Rule of Civil Procedure 41(b) states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

the trial court later amended the order to indicate that the dismissal was without prejudice, so that Whitfield could pursue a suit in a federal district court in Vermont, based upon the same claims, and filed against the same defendant. *Id.* at 260. The Alabama Supreme Court upheld the trial court's decision to so amend the order, stating:

> The dismissal of plaintiff Whitfield's claim in the Jefferson Circuit Court was not such a disposition on the merits as to invoke the doctrine of *res judicata*. *Whitfield's claim was dismissed because it was barred by the Alabama statute of limitations, a procedural matter.* The dismissal was a bar to recovery in Alabama. Should Whitfield try to relitigate his claim in Alabama the defendants will, of course, have available to them the defense of the statute of limitations. But such a bar in Alabama should not bar Whitfield's substantive claim elsewhere. We are of the opinion that if the plaintiff can present his claim elsewhere, in a jurisdiction which has a longer or different statute of limitations, and prevail on the merits of his claim, he should have that opportunity.

*Id.* at 260 (citation omitted) (emphasis supplied).

Similarly, in *Sims v. Geohagan,* 641 So. 2d 1237 (Ala. 1994), Sims asserted a claim for false imprisonment against a police officer in Alabama state court. The trial court dismissed the claim on *res judicata* grounds, relying upon the preclusive effect of a prior lawsuit filed by Sims in federal court. Sims's federal case was against the same defendant as his state court case, and it involved claims pursuant to 42 U.S.C. § 1983 for civil rights violations arising out of the same incident as Sims' state court claim. The federal court dismissed the Sims's claim due to expiration of the statute

of limitations that applied to § 1983 actions, and the state court held that the federal court's dismissal precluded Sims' later claim in state court. *Id.* at 1237. On appeal, the Alabama Supreme Court reversed, holding that the federal court's dismissal of Sims' § 1983 claim due to expiration of the statute of limitations was not a decision "on the merits" for *res judicata* purposes. *Id.* Even more to the point, the Alabama Supreme Court stated that "Sims's federal action was dismissed precisely because it could not properly be heard on the merits, specifically, because the limitations period had expired." *Id.*[23]

Based upon these decisions, it is clear that an Alabama court would not consider the dismissal of plaintiff's prior state court suit for failure to timely file a notice of claim to be a decision "on the merits." Because defendants cannot prove all elements of the doctrine of *res judicata,* that doctrine will not preclude plaintiff from bringing his timely claim for retaliation under the First Amendment.

## B. Failure to State a Claim Against the City

Defendants also argue that plaintiff has failed to state a viable claim against the City because he has not alleged that Richey was acting pursuant to a custom or policy

---

[23]These Alabama Supreme Court decisions are consistent with what the United States Supreme Court recognized in *Semtek* as the "traditional rule" that "expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods." *Semtek,* 531 U.S. at 504.

of the City during any of the events that form the basis of plaintiff's claim. Plaintiff characterizes defendants' argument as "little more than criticism of the complaint for lack of specificity."[24] Defendants' arguments are not nearly so insignificant. To the contrary, defendants have highlighted a fatal flaw in the substance of plaintiff's claim against the City.

The Supreme Court's decision in *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), stands for the proposition that a municipality may not be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior*: in other words, "a municipality cannot be held liable solely because it employs a tortfeasor." *Id*. at 691. Instead, a municipality may be held accountable in damages for the conduct of a particular governmental actor only when the plaintiff shows that execution of the municipality's official "policy"[25] or "custom"[26] effectively was the cause of the injury complained of. *Id*. at 694. Absent any allegations of a policy or custom on behalf the City that led to plaintiff's alleged injuries, plaintiff's claims against the City must fail.

---

[24]Doc. no. 7 (plaintiff's response to defendants' motion to dismiss), at ¶ 8.

[25] The Eleventh Circuit has defined a policy as "a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Id.*

[26] "A custom is a practice that is so settled and permanent that it takes on the force of law." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (citing *Monell*, 436 U.S. at 690-91, 98 S. Ct. at 2035-36).

## IV. CONCLUSION AND ORDER

In accordance with the foregoing, defendants' motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's claim against the City of St. Florian is DISMISSED with prejudice. Plaintiff's claim against Ralph Richey remains. Defendant is ORDERED to file an answer to plaintiff's complaint on or before November 12, 2008.

DONE this 29th day of October, 2008.

_____
United States District Judge